UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

FRANKIE SERRANO,

                          PLAINTIFF,

          -AGAINST-

NEW YORK CITY, POLICE OFFICER GUNN AND
POLICE OFFICER JOHN DOE, individually, and in their
capacities as members of the New York City Police
Department.

                     DEFENDANTS.

----------------------------------------------------------------------- x

**COMPLAINT**

**CV 13** CASE **0601**

**AMON, CH.J.**

**SCANLON, M.J.**

## PRELIMINARY STATEMENT

1.  This is a civil action in which plaintiff, Mr. Frankie Serrano ("Mr. Serrano"), seeks

    relief for the violation of his rights secured by 42 USC 1983, the Fourth and

    Fourteenth Amendments to the United States Constitution.

2.  The claims arise from an incident on or about September 30, 2012, in which officers

    of the New York City Police Department ("NYPD"), acting under color of state law,

    intentionally and willfully subjected Mr. Schofield to *inter alia* use of excessive

    force.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against

    defendants as well as an award of costs and attorneys' fees, and such other and further

    relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Serrano, is a United States citizen and at all times here relevant resided at 432 Beach 44th Street Apartment 2, Far Rockaway, NY 11691-1220.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Gunn ("PO Gunn") and Police Officer John Doe ("PO John Doe"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Serrano is a 29-year old African American male.

11. On or about September 30, 2012, Mr. Serrano was visiting his baby daughter at the home of her mother, Ms. Tiffany Harper ("Ms. Harper").

12. Ms. Harper lives in a Housing Project at 420 Beach Channel Drive, Apartment 13F, Far Rockaway, New York.

13. At approximately 4:00 pm, Ms. Harper's mother asked Mr. Serrano to get some milk for the baby from the local store.

14. Mr. Serrano went down to the building lobby.

15. Mr. Serrano exited the lobby through the back door.

16. PO Gunn and PO John Doe approached Mr. Serrano.

17. PO Gunn asked Mr. Serrano where he was coming from.

18. Mr. Serrano explained that he was visiting his daughter and was going to get milk from the store.

19. Mr. Serrano offered to take the police officers to the apartment to verify his explanation.

20. PO Gunn then tried to grab Mr. Serrano's hands.

21. Mr. Serrano was scared and stepped away from PO Gunn.

22. PO Gunn then punched Mr. Serrano in the face.

23. PO Gunn handcuffed Mr. Serrano behind his back.

24. PO Gunn then picked up Mr. Serrano and slammed him face-first into the ground.

25. Mr. Serrano's front tooth was smashed from the impact with the ground and his mouth was full of blood.

26. Several other police officers then arrived on the scene.

27. Mr. Serrano was taken to the 101st Precinct.

28. Mr. Serrano was taken to St Joseph's Hospital, where they cleaned up his face and mouth.

29. Mr. Serrano returned to St Joseph's Hospital on October 2, 2012, where he was x-rayed and diagnosed with a fracture of the maxillary nasal spine.

30. Mr. Serrano also suffered *inter alia* a smashed front tooth, chipped teeth and scraped knees as a result of this incident.

31. Mr. Serrano suffered severe pain and discomfort as a result of his injuries.

32. Mr. Serrano continues to feel traumatized by the events of September 30, 2012, and is wary and fearful when he sees police officers.  Mr. Serrano takes efforts to avoid police officers when in public.

33. Mr. Serrano has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

### FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

34. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

35. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

36. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

37. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(Failure to Intervene)

38. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

39. Defendant PO Gunn used excessive force in effecting the arrest of plaintiff.

40. Defendant PO John Doe was aware, or should have been aware, that PO Gunn was using excessive force in effecting the arrest of plaintiff.

41. Defendant PO John Doe failed to intervene to prevent PO Gunn from using excessive force in effecting the arrest of plaintiff.

42. Defendant PO John Doe had sufficient time to intercede and had the capability to prevent PO Gunn from using excessive force in effecting the arrest of plaintiff.

43. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            January 30, 2013

By:      Justin Delle Cave (JD 0896)

         PetersonDelleCave LLP
         Attorney for Plaintiff
         233 Broadway, Suite 1800
         New York, NY 10279
         (212) 240-9075

6